

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00194-CR

AIDE CAZAREZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Court at Law No. 2
Lubbock County, Texas
Trial Court No. 2012-469569, Honorable Drue Farmer, Presiding

November 7, 2013

## ON ABATEMENT AND REMAND

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

On June 13, 2013 appellant, Aide Cazarez, filed a notice of appeal from her conviction for misdemeanor driving while intoxicated and the resulting 365-day sentence of confinement in the Lubbock County Jail. The Clerk of this Court received and filed the trial court clerk's record on August 9, 2013. The court reporter's record was filed on August 26. Appellant's brief was originally due on September 25, 2013. By letter dated October 8 and pursuant to Texas Rule of Appellate Procedure 38.8, the Court notified appellant that her brief was past due and directed that the brief be filed on or before

Friday, October 18, 2013. Further, the Court alerted appellant that failure to abide by this deadline would result in the appeal being abated and remanded without further notice. As of the date of this order, appellant has failed to file her brief or a motion for extension of time to file her brief.

Accordingly, we now abate this appeal and remand the cause to the trial court. *See* TEX. R. APP. P. 38.8(b)(2). Upon remand, the trial court is directed to immediately cause notice to be given of and to conduct a hearing to determine the following: (1) whether appellant desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal, whether appellant is indigent and whether appellant desires that counsel be appointed to represent her on the appeal; and (3) what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeal if appellant does not desire to prosecute this appeal or, if appellant desires to prosecute this appeal, to assure that the appeal will be diligently pursued. If the trial court appoints counsel for appellant or if appellant retains counsel, the trial court should cause the Clerk of this Court to be furnished the name, address, and State Bar of Texas identification number of the newly-appointed or newly-retained attorney.

The trial court is directed to (1) conduct any necessary hearings; (2) make and file appropriate findings of fact, conclusions of law, and recommendations and cause them to be included in a supplemental clerk's record; (3) cause the hearing proceedings to be transcribed and included in a supplemental reporter's record; (4) have a record of the proceedings made to the extent any of the proceedings are not included in the supplemental clerk's record or the supplemental reporter's record; and (5) cause the records of the proceedings to be sent to this Court. *See* TEX. R. APP. P. 38.8(b)(3). In

the absence of a request for extension of time from the trial court, the supplemental clerk's record, supplemental reporter's record, and any additional proceeding records, including any orders, findings, conclusions, and recommendations, are to be sent so as to be received by the Clerk of this Court not later than December 9, 2013.

Per Curiam

Do not publish.